UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CAROLYN G. KOCHERT, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:05CV0040AS |
| ) | |
| ADAGEN MEDICAL INTERNATIONAL, INC., ) | |
| a Georgia Corporation, and ) | |
| NORTH AMERICAN MEDICAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, ORDER & OPINION

Now before the Court is a joint motion, filed by the Defendants, to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff is seeking to recover damages arising out of her purchase of a product which was manufactured by North American Medical Corporation and sold to Plaintiff by Adagen Medical International Inc. Oral arguments were held on this motion in Lafayette, Indiana on September 7, 2005.

Plaintiff signed and executed a written contract which contained the following provision:

> This Agreement and the rights and obligations of Buyer and Seller shall be governed by and construed in accordance with the laws of the State of Georgia in the United States of America. Buyer agrees to consent to jurisdiction, venue and forum in the State Court of Fulton County, Georgia, United States of America. Buyer further agrees to and does hereby irrevocably waive the defense of inconvenient forum and further irrevocably waives trial by jury. Any controversy, dispute, claim or complaint of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement including any claim based on contract, tort or statute, shall be resolved through a binding, irrevocable and final Arbitration at JAMS/ENDISPUTE, County of FULTON, State of Georgia, United States of America. Both Buyer and Seller agree that such an arbitration shall yield the final resolution.

(Agreement ¶ 16, Joint Motion to Dismiss, Exhibit 1).

Defendants claim that this provision requires this dispute to be resolved through binding arbitration in Fulton County, Georgia. This Order deals only only with the issue of the proper forum for this dispute.

At the heart of the Plaintiff's argument is the assertion that her complaint is properly before this Court because her Fraud in the Inducement count does not relate to the interpretation of the Agreement, the performance of the Agreement, or breach of the Agreement. The United States Supreme Court and the Seventh Circuit Court of Appeals have held that a plaintiff may not evade enforcement of forum selection through artful pleading of tort claims in the context of a contract dispute. *See Prima Paint Corp. v. Flood & Conkling Mfg. Co.*, 388 U.S. 395 (1967); *American Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt, Ltd.*, 364 F.3d 884 (7th Cir. 2004); *Sphere Drake Ins. Ltd. v. All American Ins. Co.*, 256 F.3d 587 (7th Cir. 2001). The Seventh Circuit stated in *American Patriot*:

> As for the fact that the defendants are charged with fraud rather than breach of contract, this can get the plaintiff nowhere in its efforts to get out from under the forum-selection clause. . . [A] dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges a fraudulent breach, or fraudulent inducement, or fraudulent performance. The reason is not that contract remedies always supersede fraud remedies in a case that arises out of a contract; sometimes they do, sometimes they don't . . . It is that the existence of multiple remedies for wrongs arising out of a contractual relationship does not obliterate the contractual setting, does not make the dispute any less one arising under or out of or concerning the contract, and does not point to a better forum for adjudicating the parties' dispute than the one they had selected to resolve their contractual disputes.

*American Patriot Ins. Agency, Inc.*, 256 F.3d at 888-89 (internal citations omitted). This statement is persuasive here, even if the language of the underlying agreements is different. It is beyond doubt that this dispute – Plaintiff's fraud in the inducement claim – arises out of, is

connected with, and relates to the breach of the agreement in question. Any promise or representation that could give rise to a fraud in the inducement claim is necessarily part of the "Agreement" that defines the appropriate forum for this dispute. That forum is the State Court in Fulton County, Georgia. Therefore, the Defendants' joint motion to dismiss is **GRANTED**. Plaintiff's claims are dismissed without prejudice. All parties shall bear their own costs.

**SO ORDERED.**

Date: October 11, 2005

                                          S/Allen Sharp
                                          ALLEN SHARP, JUDGE
                                          UNITED STATES DISTRICT COURT